IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RUDOLF SUTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:18-cv-2693-B-BT |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant the United States of America's "Motion to Dismiss Plaintiff's Complaint for Lack of Proper Venue Pursuant to Fed. R. Civ. P 12(b)(3) and Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)." Mot. (ECF No. 19). For the reasons stated, the Court should GRANT Defendant's Motion and DISMISS this case under Rule 12(b)(3).

**Background**

*Pro se* Plaintiff Rudolf Suter filed his Complaint on October 10, 2018, seeking a federal income-tax refund under 26 U.S.C. § 7422 for "an overpayment of income taxes for the years 2015 and 2016," as well as "emotional damages," interest, court costs, and any fees or penalties assessed against him. Compl. 1-2 (ECF No. 3). Plaintiff also alleges that he lived in Dallas, Texas, from February 25, 2011, to December 1, 2015, and "since then [has been] domiciled in Lucerne, Switzerland." *Id*. 1. Plaintiff contends his claim for a tax refund was timely made

1

"within the three-year statute of limitation period imposed by 26 U.S.C. § 6511(a)." *Id.* 2. He argues he is entitled to a refund of $16,845.00 and that Defendant "is interfering with [his] Constitutional Right to the possessory interest of property belonging to him." *Id.* This interference, Plaintiff asserts, "has caused [him] extreme mental suffering, personal hardship and inconvenience." *Id.* In addition to his refund, therefore, Plaintiff requests "emotional damages and family hardship in the amount of $20,000.00," "interest . . . pursuant to the mandates of section 6621 of the Internal Revenue Code of 1986 and 28 U.S.C. § 2410," "court costs and post-judgment interest," and "unwarranted fines and penalties assessed against [him] . . . in the course of prosecuting this claim in the amount of $5,500.00." *Id.*

Defendant the United States subsequently filed a "Motion to Dismiss Plaintiff's Complaint for Lack of Proper Venue Pursuant to Fed. R. Civ. P 12(b)(3) and Lack of Subject Matter Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(1)." Mot. In response, Plaintiff filed his "Opposition to Motion to Dismiss Complaint," and Defendant filed a reply. Resp. (ECF No. 20); Reply (ECF No. 21). The Motion to Dismiss is, thus, fully briefed and ripe for determination.

**Preliminary Matters**

Defendant asserts that Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(3) for improper venue and under 12(b)(1) for lack of subject-matter jurisdiction. Mot. 1. While "jurisdictional questions ordinarily must precede merits determinations in dispositional order . . . a federal

court has leeway 'to choose among threshold grounds for denying audience to a case on the merits.'" *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584-85 (1999); *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 100-01 n.3 (1998)); *see also Sangha v. Navig8 ShipMgmt. Private Ltd.*, 882 F.3d 96, 100 (5th Cir. 2018) ("Although district courts generally determine their own subject-matter jurisdiction before proceeding to a determination on the merits, such a strict sequencing of consideration is not required before a court orders dismissal on non-merits grounds." (citation omitted)). Defendant argues Plaintiff's claims for "emotional damages" and "unwarranted fines and penalties" should be dismissed for lack of subject-matter jurisdiction because "Plaintiff's complaint fails to identify any waiver of the United States' sovereign immunity for which . . . [those] claims . . . are permitted." Mot. 3-4. In response, Plaintiff cites the Texas Tort Claims Act, claiming that such a waiver exists. Resp. 3. Because the Court determines Plaintiff's Complaint should be dismissed for improper venue, it pretermits considering Defendant's 12(b)(1) arguments.[1] *See Sinochem Int'l Co.*, 549 U.S. at 431 (citing *Moor v. Alameda Cty.,* 411 U.S. 693, 715-716 (1973))

---

[1] Defendant also asserts Plaintiff is precluded from seeking damages because he "fail[ed] to allege that he complied with the statutory mandate to exhaust administrative remedies prior to filing suit under 26 U.S.C. § 7433." Mot. 4 n.1. However, apart from Defendant's short, two-sentence footnote, it did not brief this issue. Because this issue is not adequately briefed, the Court will not address it.

3

("Dismissal short of reaching the merits means that the court will not 'proceed at all' to an adjudication of the cause.").

## Legal Standard

Under Rule 12(b)(3), a party may move to dismiss a claim for improper venue. Fed. R. Civ. P. 12(b)(3). The Fifth Circuit has not ruled on which party bears the burden on a Rule 12(b)(3) motion, but "most district courts within this circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum." *Galderma Labs., L.P. v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) (citing cases); *see also Floyd v. Kelly Servs., Inc.*, 2019 WL 4452309, at *1 (N.D. Tex. Aug. 30, 2019), *adopted by* 2019 WL 4447538 (N.D. Tex. Sept. 16, 2019). When deciding a Rule 12(b)(3) motion, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.*, 240 F. App'x 612, 615 (5th Cir. 2007) (per curiam) (citations omitted). The court may consider evidence in the record beyond the facts alleged in the complaint and its proper attachments. *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009) (citations and internal quotation marks omitted) ("[T]he court may find a plausible set of facts by considering any of the following: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). "Absent an evidentiary hearing on a Rule 12(b)(3) motion, affidavits and other evidence submitted by the non-moving

party are viewed in the light most favorable to that party." *Mem'l Hermann Health Sys. v. Blue Cross Blue Shield of Tex.*, 2017 WL 5593523, at *4 (S.D. Tex. Nov. 17, 2017) (citing *Ambraco*, 570 F.3d at 238).

The general venue statute, 28 U.S.C. § 1391, sets out three categories of proper venue: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; and (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b)(1)-(3). If, after considering all the evidence, a plaintiff's choice of forum does not fall within one of the § 1391(b) categories, then "venue is improper, and the case must be dismissed or transferred under [28 U.S.C.] § 1406(a)." *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 56 (2013).

## Analysis

Plaintiff asserts a claim against the United States for a federal income-tax refund under 26 U.S.C. § 7422; in connection with that claim, he also seeks "emotional damages," interest, court costs, and any fines or penalties assessed against him. Compl. 1-2. 28 U.S.C. § 1346(a) vests the district courts with "original jurisdiction, concurrent with the United States Court of Federal Claims, of . . . [a]ny

5

civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1); *see also Weiner v. United States*, 389 F.3d 152, 155 (5th Cir. 2004) ("Generally, district courts have jurisdiction over a taxpayer's refund action.").

In response to Defendant's Motion, Plaintiff contends that venue is proper in the Northern District of Texas under § 1391 because he lived and worked in Dallas, Texas, from 2010 to 2015. Resp. 2. But "[s]ection 1391 governs 'venue generally,' that is, in cases where a more specific venue provision does not apply." *Atl. Marine Constr.*, 571 U.S. at 55 n.2 (citing 28 U.S.C. § 1400 (identifying proper venue for copyright and patent suits)). Here, a more specific venue provision, 28 U.S.C. § 1402, "United States as defendant," applies; it provides that venue is proper, "only . . . *in the judicial district where the plaintiff resides*." 28 U.S.C. § 1402(a)(1) (emphasis added). Thus, in this case, venue is only proper in the United States Court of Federal Claims or in the judicial district where Plaintiff resides. Plaintiff asserts that he is "domiciled in Lucerne, Switzerland," and makes no representation that he presently resides in the Northern District of Texas. Compl. 1. Accordingly, venue is not proper in the Northern District of Texas, and the Court should DISMISS Plaintiff's Complaint without prejudice as to refiling in the United States Court of Federal Claims.

## **RECOMMENDATION**

For the foregoing reasons, the Court should GRANT Defendant the United States' Motion to Dismiss (ECF No. 19) and DISMISS this case under Rule 12(b)(3) without prejudice as to refiling in the United States Court of Federal Claims.

**SO RECOMMENDED.**

January 28, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## **INSTRUCTIONS FOR SERVICE AND**
## **NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).